## Case No. 16,217.

### UNITED STATES v. SANCHEZ.

[Hoff. Dec. 38.]

District Court, N. D. California. Sept. 5, 1861.

CALIFORNIA LAND GRANTS — CONFIRMATION BY COURT—INJUNCTION AGAINST ISSUANCE OF PATENT.

[One claiming title to a confirmed grant in opposition to the confirmee, but under the same original grantee, is entitled, under the 13th section of the act of 1851 (9 Stat. 633), to enjoin the issuance of a patent to the confirmee, pending a suit in the state court to determine the title as between the two.]

[Petition by Elizabeth Martin for an injunction to restrain the issuance of a patent to the persons to whom the court had previously confirmed the grant of the rancho of Las Animas.]

HOFFMAN, District Judge. The rancho of Las Animas, which was originally granted to Josefa Romero, and to her children, the widow and heirs of Mariano Castro, was confirmed by this court [Case No. 16,218] to various parties claiming as heirs of José Maria Sanchez, by whom the claim had been originally presented, and who deraigned title, as he alleged, from the original grantees. A petition for an injunction is now presented under the 13th section of the act of 1851, by Elizabeth Martin, who claims title under a conveyance by Carmen Castro, one of the original grantees. The confirmees also claim title under the same person, but the petitioner alleges that at the time of the alleged conveyance to the confirmees, Carmen was the wife of one Soto; that the said Soto neither executed nor had knowledge of the deed, nor did Carmen acknowledge the same on a private examination, apart from her husband, as required by law. It is therefore contended that the subsequent deed by Carmen, under which the petitioner claims, and which was duly executed after her husband's death, conveyed the title to her portion of the rancho, and that the parties holding that title have the right to enjoin the issuing of the patent to the confirmees. The 13th section of the act of 1851, after enacting that, for all lands finally confirmed, etc., a patent shall issue to the claimant, provides that, "if the title of the claimant to such lands shall be disputed by any other person, it shall be lawful for such person to present a petition," etc. It might seem that the language of this provision is sufficiently broad to include every case where the title of the confirmee is contested by "any other person." But it may be doubted whether it was intended by this proviso to permit any person claiming title under an entirely different grant from that confirmed, and who has omitted to present his claim to the board, to come in after the time for presenting his claim has expired, and set up his title as against a confirmee claiming under a grant to another person. The issue between the confirmee and the contestant is to be tried before the ordinary tribunals. If, then, a title derived from an imperfect or inchoate grant never presented to the board can be set up by the contestant as against the confirmed title of the confirmee, the alleged equitable rights of the contestant to a patent from the United States would be, in effect, submitted to the decision of the state courts, instead of the special tribunals vested by the statute with exclusive jurisdiction over the subject.

It has for these and other reasons been generally considered that to entitle the contestant to obtain an injunction he must show a right derived from the original grantee of the land—or, in other words, that the disputed titles which might thus be litigated before the state tribunals were disputed derivative titles, and not conflicting titles under entirely different grants. It must be confessed, however, that there are several dicta by the supreme court which seem to countenance a much broader construction of the statute. U. S. v. White, 23 How. [64 U. S.] 255; Mezes v. Greer [24 How. (65 U. S.) 268.]

But it is contended, that in the case of disputed derivative titles, the contestant can appear only where he has himself presented a separate claim and obtained a separate confirmation. The language of the statute imposed, however, no such condition. "If the title of the claimant to such lands shall be con-

tested by any other person," etc., are the words of the act. That such a condition should not always be imposed is evident. For it may often happen that the confirmee has obtained a confirmation in his own name in fraud of the rights of the true owners. Thus if the alleged heirs of a deceased grantee should obtain a confirmation in their own names, without including their infant brothers and sisters, it would be clearly unjust that the rights of the latter should be lost, when by reason of their tender years they could have had no means and no knowledge of the necessity of presenting separate claim in their own names. So if a guardian, or executor, or any person charged with a trust, either actual or constructive, should obtain a like confirmation in his own name, it is clear that the rights of the cestuis que trustent ought not to be impaired thereby. But to construe the statute as contended for, on the part of the confirmee in this case, would deprive all such parties of any redress. It is urged that the confirmation enures to the benefit of the confirmee, and for this several decisions of the supreme court are cited. The language of those decisions is certainly very broad and explicit. Whether it can be applied to cases arising under California land grants may be doubted, but at all events reason and justice demand that it must be taken subject to the exception of cases of fraud or breaches of trust such as have been mentioned. But even in cases not of this kind the confirmation enures absolutely to the benefit of the confirmee, that fact would seem to afford a reason for the interposition of the judge to stay the patent under the provisions of the 13th section. It may be that congress, aware that all parties would be concluded by the patent, and that the confirmee would thenceforth hold the undisputable title, intended by the 13th section to afford an opportunity for ascertaining whether or not he was the true owner and representative of the original grantee. The investigations of the board, and of the courts, under the act of 1851, in no way extended to an inquiry into the operation and validity of the mesne conveyances through which the claimant claimed title. "The mesne conveyances were also required, but not for any aim of submitting their operation and validity to the board, but simply to enable the board to determine if there was a bona fide claimant before it under a Mexican grant; and so this court having repeatedly declared that the government had no interest in the contests between persons claiming, ex post facto, the grant." Kendricks v. Castro, 23 How. [64 U. S.] 442. On this ground the board and this court steadily refused to allow parties disputing the title of the claimant to intervene in the suit, with a view of showing that they, and not the claimants, were the true representatives of the grantee. The fact, then, that the claim has been confirmed to a particular person, as confirmee, in no way proves that he is the true owner, for an inquiry into that question was not permitted, and there would appear much reason for regarding the 13th section as intended to open the door for the determination before the ordinary tribunals, of those questions of private right, into which, under the law of 1851, the board and the courts did not, and could not, enter.

In the present case the survey has been brought into court, and has not yet been passed upon. The injunction can therefore occasion no delay to the claimant. It is understood to be applied for, in anticipation of the objection that a proceeding of this nature should have been taken, as provided for in the 13th, and that in the absence of it the rights of the confirmee are absolute, and the confirmation enures to his exclusive benefit. It will be for the state tribunals to determine whether the contestant, not having herself presented her claim and obtained a confirmation, can be heard as against the confirmee, and if not, in ordinary cases, whether the fact of having made this application, under the 13th section, and obtained an injunction pending the suit in the state courts, alters, in any respect, her situation.

The question as to the absolute right of the confirmee, as against all persons but those claiming under him, or those who have obtained separate confirmations in their own names, is understood to be now before the supreme court of this state.

On the whole, I think the injunction should be granted.

One other point, however, it is proper to notice. It is urged that this application is manifestly inequitable, for the contestant has by her own admission procured a second conveyance to be made by a party who had already parted with all her rights by a bona fide though informal conveyance. On the other hand it is suggested by very respectable counsel that the contestant has bought up the title in question, with the sole view of attempting thereby to secure her homestead, which it is sought to include in the survey of the rancho of the claimant, and the interest in the latter rancho has been acquired as a precaution in the event that this court may feel obliged to direct the survey of the rancho to be made so as to include the homestead. Whether the homestead should be embraced within the survey of "Las Animas" the court can now form no opinion. It is enough, however, to know that there may exist a state of facts which rendered the acquisition of the title set up by the contestant defensible in morals as in law. It is at all events clear that the prima facie impressions of the court as to the inequitable nature of the transaction afford no solid grounds for withholding an injunction to which the contestant seems to be entitled.